### REYNOLDS v SUMNER CO

Ohio Appeals, 9th Dist, Summit Co

No 2096.   Decided April 18, 1933

Musser, Kimber & Huffman, Akron, for plaintiff in error.

R. H. Nesbitt, Akron, for defendant in error.

STEVENS, J.

This is a tort action, arising because of the alleged negligence of the defendant lessor in the defective original construction, upon the demised premises, of a hoist or elevator.

The only question presented for determination is, Can the plaintiff, an employee of the lessee, maintain his action against the lessor of the demised premises, for injuries sustained by him in the fall of said hoist?

The defendant in error maintains, upon the authority of the case of **Burdick v Cheadle, 26 Oh St 393,** that the plaintiff cannot maintain his action against the lessor, and the trial court so held.

The plaintiff in error urges that the action can be properly maintained against the lessor upon the authority of the case of **Shindelbeck v Moon, 32 Oh St 264.**

A consideration of these two cases is necessary to a proper determination of the question here presented.

In Burdick v Cheadle, supra, the Supreme Court held that Burdick, a customer of the lessee of said premises, could not recover from Cheadle, the lessor, under a situation where Cheadle had agreed "to **complete** certain cornices, shelving and fixtures, **then in process of construction** in said room, in a secure, safe, convenient, and proper manner, for the sale of dry goods and groceries, and to keep said premises in good order," for the reason that "if the landlord warrants their fitness" (the demised premises) "the covenant stands for the benefit of the lessee and not for the benefit of strangers to the contract. And so, if the lessor engages with the lessee, to keep the premises in repair, a breach of the engagement gives a right of action only to the lessee."

It will be noted that in the instant case the injury to plaintiff is alleged to have been caused by the negligence of the lessor in the original defective construction of said hoist, which hoist the evidence shows to have been designed and erected for the specific use to which the lessee intended to put it.

Would the lessee, had he been injured by reason of defective original construction, have had a right of action against the lessor?

We believe the Cheadle case, supra, is authority for the conclusion that the lessee could have maintained his action against the lessor. The court, at page 397, said:

"And so, if the lessor engages with the lessee, to keep the premises in repair, a

breach of the engagement gives a right of action only to the lessee."

The same rule applies to the negligence of the lessor in the making of improvements, as is set out with reference to the making of repairs.

"Where the landlord undertakes to make repairs upon the demised premises, he is liable for injuries resulting from the negligence of himself or his servants in making such repairs. * * *

"The same rule applies to the negligence of a landlord in the making of improvements, and he will be liable for any injuries resulting from the unsafe condition of the premises after the making of the same."

36 C.J., "Landlord and Tenant," p. 217, §900.

Having concluded that had the lessee been the injured party, he could have maintained his action against the lessor for injuries caused by reason of defective original construction, the question then arises, Does an employee of the lessee stand in the same position with reference to maintaining his action against the lessor as the lessee himself would have stood had he been the injured party?

36 C.J., "Landlord and Tenant," p. 229, §919, says:

"A landlord will be liable to an employee of a tenant under such circumstances as would have rendered him liable to the tenant. And such an employee is so far identified with the tenant that he will, in general, have no right of recovery against the landlord unless the tenant would have had the right if the injury had happened to him."

In the case of Crane Elevator Co. v Lippert, 63 Fed. 942, at page 945, the court said:

"The owner of a building occupied by a tenant owes him and those employed by such tenant the duty not to expose them to a dangerous condition of the place which reasonable care on his part would have prevented."

In the case of Shindelbeck v Moon, supra, the court, at page 269, said:

"The owner of premises who leases them when they are in such want of repair or bad condition as to be a nuisance, or when, from the ordinary course of events, they must become so, and receives rent for their use, is liable **to a third person for injury** happening in consequence of this defective condition or nuisance. In such case the landlord had the control of the property at the time the trouble was occasioned, and he might have removed it."

And at page 275:

"The rule, therefore, deducible from the authorities, and which is applicable to the case in hand, is this: A landlord, who is out of possession of the premises, by virtue of a demise, and who has no control over them; who would not have the right to enter therein, even to make repairs, without his tenant's consent, is not liable for accidents occasioned by the fact that the property is temporarily out of repair.

"If the defect is inherent in the original construction, and this occasions the injury, then the landlord or lessor is responsible; but when the defect arises after the lease, then the tenant is responsible."

It is apparent from the record in the instant case that the injuries of plaintiff were proximately caused by a defect in the original construction of the hoist in question.

Under the authorities cited above, this court is of the opinion that plaintiff, as an employee of the lessee, is entitled to maintain his action against the lessor for injuries, sustained by him because of a defect inherent in the original construction of said hoist.

It has been urged by defendant in error that the lessor was out of possession of said premises at the time of the occurrence complained of, and that the lessee had assumed complete control thereof. We do not find that contention borne out by the evidence.

For error of the trial court in arresting plaintiff's evidence from the jury and directing a verdict for the defendant, the judgment is reversed, and the cause remanded for further proceedings according to law.

WASHBURN, PJ, and FUNK, J, concur in judgment.